**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Michael E. Romero

| | |
|---|---|
| In re:<br><br>Trevor Bradly Everett,<br>Amy Jo Everett,<br><br>Debtors. | Bankruptcy Case No. 25-15860 MER<br><br>Chapter 7 |
| John Wise, Carol Wise, individually and as trustees for The Wise Revocable Trust Agreement<br><br>Plaintiffs,<br><br>v.<br><br>Trevor Bradly Everett,<br><br>Defendant. | Adversary Proceeding No. 25-1342 MER |

## ORDER GRANTING IN PART AND DENYING MOTION TO STRIKE

THIS MATTER comes before the Court on the Motion to Strike Certain of Defendant's Affirmative Defenses ("**Motion to Strike**") filed by Plaintiffs John Wise and Carol Wise, the response filed by Debtor-Defendant, Trevor Everett, and the Plaintiffs' reply.[1]

## BACKGROUND

According to the facts pled in the Plaintiffs' Complaint, the Debtor is a general contractor doing business through his two wholly owned companies. The Plaintiffs hired the Debtor through his companies to build a home for them. Plaintiffs allege they paid funds to Debtor for work done on their house, but Debtor did not use those funds to pay vendors and subcontractors. Instead, Debtor allegedly used their funds for other, unrelated expenses. Prior to the petition date, Plaintiffs sued the Debtor in state court. That lawsuit was stayed when the Debtor filed for bankruptcy. The Plaintiffs' Complaint in this proceeding asserts claims against the Debtor under 11 U.S.C. § 523(a)(2), (4), and (6), as well as claims under the Colorado construction trust fund and civil theft statutes.

---

[1] ECF Nos. 11, 16, 17.

The Debtor filed an Answer and Affirmative Defenses to Complaint ("**Answer**") that contains 25 numbered "affirmative defenses."[2]  Plaintiffs' Motion to Strike argues most of these affirmative defenses are deficient and should be stricken pursuant to Fed. R. Civ. P. 12(f), made applicable to this proceeding by Fed. R. Bankr. P. 7012.[3]

## DISCUSSION

### A.    Standard

Rule 12(f) permits a district court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."[4]  Motions to strike under Rule 12(f) are viewed with disfavor because striking a portion of a pleading is a drastic remedy and because such motions are often used as a dilatory or harassing tactic.[5]  Indeed, courts have recognized that motions to strike defenses should only be granted if the allegations have no bearing on the controversy and the movant can show prejudice.[6]  A defense should not be stricken "if there is any real doubt" about its validity, and "the benefit of any doubt should be given to the pleader."[7]

Plaintiffs suggest that their Motion to Strike should be decided under the same plausibility standards applicable to motions to dismiss claims under Rule 12(b)(6) as set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*.[8]  There is some disagreement in the case law on this issue, and the Tenth Circuit has not spoken directly to it.[9]  However, most federal courts in Colorado have held that the *Twombly* and *Iqbal* standards do not apply to affirmative defenses, and this Court agrees with that analysis.[10]  Instead, "[a]n affirmative defense is sufficient if stated 'in short and plain terms' pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate

---

[2] ECF No. 5.  Plaintiffs contend the Answer actually asserts 30 different defenses or denials.

[3] Unless otherwise noted, all references to "Rules" refer to the Federal Rules of Civil Procedure as incorporated by the Federal Rules of Bankruptcy Procedure.

[4] Fed. R. Civ. P. 12(f).

[5] *Sender v. Mann*, 423 F.Supp.2d 1155, 1163 (D. Colo. 2006); *A1 Garage Door Serv., LLC v. West*, 2022 WL 952874, at *1 (D. Colo. March 30, 2022).

[6] *Sender*, 423 F.Supp.2d at 1164.

[7] *Id*. at 1163.

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[9] *A1 Garage Door Serv., LLC*, 2022 WL 952874, at *2; *see* 5 Arthur R. Miller & A. Benjamin Spencer, *Federal Practice and Procedure (Wright & Miller)* § 1381 (3d ed. Nov. 2025 Update) (noting conflict and concluding the better view is that the plausibility standard outlined in *Twombly* and *Iqbal* only applies to affirmative claims for relief).

[10] *A1 Garage Door Serv., LLC*, 2022 WL 952874, at *2 (citing *Alarid v. Biomet, Inc.*, 2015 WL 6376171, at *2 (D. Colo. Sept. 22, 2015); *Malibu Media, LLC v. Benson*, 2014 WL 2859618, at *2 (D. Colo. June 20, 2014); *Holdbrook v. SAIA Motor Freight Line, LLC*, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010)).

2

that the defense cannot succeed under any circumstance."[11]  Whether to strike a defense is within the court's discretion.[12]

## B.    Defenses that are not "affirmative" and denials

The first three "affirmative defenses" listed in Debtor's Answer are that the Complaint: (1) fails to state a claim upon which relief can be granted; (2) fails to comply with Fed. R. Civ. P. 8(a) and 8(c); and (3) fails to comply with Fed. R. Civ. P. 9(b).  These are not affirmative defenses.  Rather, an affirmative defense is one that "does not negate the elements of the plaintiff's claim but instead precludes liability even if all of the elements of the plaintiff's claim are proven."[13]  The alleged failure to state or plead a claim does not negate the elements of the claims in the Complaint.  Courts have taken different approaches when dealing with such "non-affirmative" defenses.  Some courts strike them because they are not really affirmative defenses, while others allow them if there is no real prejudice to the other party.[14]  In this case, Plaintiffs have not persuasively shown that they will be prejudiced by the inclusion of these defenses in the Answer.  Practically speaking, these "defenses" have no impact on this case unless and until Debtor files a substantive motion seeking dismissal.   Accordingly, the Court declines to strike affirmative defenses one, two, and three.

There are similar issues with respect to the following "affirmative defenses": (11) lack of justifiable reliance; (17) Debtor did not misappropriate any monies; (18) Debtor lacked fraudulent intent; (21) Debtor did not act with moral turpitude; (22) Debtor did not act willfully or maliciously; and (23) Plaintiffs' alleged damages is not a willful and malicious injury.  These are not "affirmative defenses" but rather denials of various elements of Plaintiffs' claims.[15]  Again, courts take different approaches to such denials.  Some strike them as redundant while others decline to strike if there is no prejudice, noting such denials are often made by "cautious pleaders" who are unsure of the proper way to plead a particular argument.[16]  Here, the Debtor's denials are seemingly redundant of his denials of liability for Plaintiffs' claims.  However, there is no real prejudice in also including them as "affirmative defenses."  The Court therefore declines to strike affirmative defenses eleven, seventeen, eighteen, twenty-one, twenty-two, and twenty-three.

---

[11] *A1 Garage Door Serv., LLC*, 2022 WL 952874, at *2; *Michaud v. Greenberg & Sada, P.C.*, 2011 WL 2885952, at *2 (D. Colo. July 18, 2011).

[12] *A1 Garage Door Serv., LLC*, 2022 WL 952874, at *1.

[13] *Id.* at *3.

[14] *Compare Wareka v. Native Nectar Botanicals, LLC*, 2025 WL 2099631, at *3 (D. Colo. June 6, 2025) (striking defense of failure to state a claim), *with Sender*, 423 F.Supp.2d at 1164 (declining to strike defense of failure to state a claim).

[15] *Sender*, 423 F.Supp.2d at 1163 ("A defendant's denial of an element of an offense is not properly an affirmative defense but a denial.").

[16] *Sender*, 423 F.Supp.2d at 1164.

## C.      Standard affirmative defenses

The Debtor's Answer also includes several somewhat "standard" affirmative defenses that are commonly included by litigants: (4) judicial estoppel based on the prior state court action; (8) failure to mitigate; (9) estoppel/waiver/laches/election of remedies; (10) unclean hands; (12) Plaintiffs breached the covenant of good faith and fair dealing; (13) Plaintiffs breached the parties' contract; (15) statute of frauds; (16) setoff; and (19) statute of limitations.  Plaintiffs argue these defenses are deficient because facts do not support them, are conclusory, and/or are inapplicable to the facts of this case.  Plaintiffs' argument, however, wrongly presumes that the more stringent standards of *Twombly* and *Iqubal* apply when considering motions to strike affirmative defenses.  Instead, Rule 8(b) only requires parties to "state in short plain terms its defenses."[17]  That is done here—there is a short and plain statement that provides sufficient notice to Plaintiffs of the elements of Debtor's defenses.  Plaintiffs' disagreement with the merits of Debtor's defenses is not grounds to strike them.  The Court therefore declines to strike affirmative defenses four, eight, nine, ten, twelve, thirteen, fifteen, sixteen, and nineteen.

## D.      Proper Parties and Jurisdiction

The Debtor's fifth, sixth, and seventh affirmative defenses concern the proper parties to this proceeding.  The fifth affirmative defense alleges Plaintiffs failed to join as a necessary party the trustee(s) of Plaintiffs' revocable trust.  Since the filing of the Motion to Strike, Plaintiffs sought and were granted leave to amend their Complaint to list themselves as trustees of their revocable trust.  Thus, the argument raised by the fifth affirmative defense is now moot and will be stricken.

The sixth and seventh affirmative defenses concern Debtor's wholly-owned limited liability companies, MM Eight Construction, LLC ("**MMEC**") and M.M.8, LLC ("**MM8**").  Neither MMEC nor MM8 are currently named as parties to this proceeding.  Debtor's sixth affirmative defense asserts that MMEC and MM8 are indispensable parties that the Plaintiffs failed to join as defendants.  The seventh affirmative defense asserts that Plaintiffs' claims are "barred by this Court's lack of jurisdiction over non-debtor parties," namely MMEC and MM8.[18]  Plaintiffs argue these defenses are deficient because MMEC and MM8 are not debtors, not subject to § 523(a) claims, and not currently parties.

The Court reads these affirmative defenses as alleging that Plaintiffs failed to join MMEC and MM8 as indispensable parties under Fed. R. Civ. P. 19 and that, if joined, this Court would lack jurisdiction to determine any claims against MMEC and MM8.[19]  Given that MMEC and MM8 are not debtors, the Court presumes Debtor is arguing MMEC and MM8 are necessary parties to the Plaintiffs' construction trust fund and civil

---

[17] Fed. R. Civ. P. 8(b).

[18] ECF No. 5, ¶ 7; ECF No. 16, ¶ 43.

[19] In his Answer, Debtor admits that this Court has jurisdiction over the claims currently alleged in the Complaint.  ECF No. 1, ¶ 4; ECF No. 5, ¶ 4.

theft claims.   Although not the model of clarity and plead partially as a hypothetical, the Court concludes these defenses meet the "short and plain statement" requirements of Rule 8(b).[20]   Rule 8(d) allows for a party to set out defenses alternatively or hypothetically.  The Court notes, however, that merely asserting these affirmative defenses in the Answer is of little consequence.  Debtor will need to file a motion to dismiss or other substantive motion concerning the alleged indispensable parties.  The Court will address the merits of any such argument if and when that occurs.  The Court will thus strike affirmative defense number five, but not defenses six and seven.

## E.      Other assertions

The remaining "affirmative defenses" in Debtor's Answer are: (14) request of attorney's fees under § 523(d); (24) a reservation of "all defenses available; and (25) a reservation of the right to add, supplement of modify his affirmative defenses.  None of these are defenses, let alone "affirmative defenses."[21]  Nevertheless, little would be served by striking them from the Answer.  The Debtor's right to seek attorney's fees is dependent on the terms of § 523(d) and is in no way impacted by his listing that purported right as an affirmative defense.  Furthermore, the scheduling order governs the Debtor's ability to amend his affirmative defenses, the timing requirements contained in Rule 12(b), and the amendment requirements of Rule 15.  Nothing about Debtor's answer changes this reality.  "Thus, little purpose would be served in striking this equally 'purposeless' defense."[22]

## F.      Incorporation by Reference

Finally, the Plaintiffs take issue with a statement in Debtor's Answer seeking to "incorporate by reference all their Answers and responses to the Plaintiffs' Complaint (and any amendments thereto) filed in the [prepetition state court lawsuit]."[23]  The need for the Debtor to incorporate state-court pleadings into these adversary proceedings is unclear.  Plaintiffs argue it only creates confusion, and this Court agrees.  Rule 10(c) permits a litigant to incorporate by reference allegations made within the same pleading, as well as allegations made in other pleadings in the case.  "However, the Court does not believe that it is proper to incorporate by reference wholesale the allegations in a [pleading] in a completely separate action, even if that action is between the same parties."[24]  Allowing this practice not only violates Rule 8 but also unnecessarily causes confusion by requiring the Court to look at pleadings from a different proceeding to

---

[20] *See Herman v. PBIA & Co.*, 2022 WL 17547720, at *7 (D. Colo. Aug. 2, 2022) (declining to strike indispensable party defense).

[21] *A1 Garage Door Serv., LLC*, 2022 WL 952874, at *8 ("[R]eservation language such as defendant provides here is not even an affirmative defense – it is simply a statement reserving [defendant's] right to amend [his] defenses in the future." (internal quotation omitted)).

[22] *Synergy Captial Group, LLC v. Diaz (In re Bal Harbour Quarzo, LLC)*, 640 B.R. 597, 603 (Bankr. S.D. Fla. 2022) (citing *Moore v. R. Craig Hemphill & Assocs.*, 2014 WL 2527162, at *1 (M.D. Fla. 2014)).

[23] ECF No. 5, at 1-2.

[24] *Davis v. Bifani*, 2007 WL 1216518, at *1 (D. Colo. April 24, 2007).

determine what defenses the Debtor is asserting in this case.[25]  Accordingly, any attempt by the Debtor to incorporate pleadings from the state court into his answer is stricken.

## CONCLUSION

For all the reasons set forth above, the Court hereby ORDERS that the Motion to Strike is DENIED as to affirmative defenses numbered 1-4 and 6-25.  The Motion to Strike is GRANTED with respect to affirmative defense number 5 and as to the Debtor's incorporation by reference of state court pleadings.

As one court aptly put it, "motions to strike, in most cases, waste everyone's time."[26]  Although the Court is denying most of Plaintiffs' Motion to Strike in the specific circumstances of this case, the Debtor should not take this ruling as an implicit approval of the manner in which his counsel listed "affirmative defenses" in his Answer.  The Court encourages counsel to be more judicious in selecting and listing only actual affirmative defenses in future pleadings.

Dated: March 27, 2026                              BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[25] *Id*.

[26] *Lane v. Page*, 272 F.R.D. 581, 588-97 (D.N.M. 2011).

6